# EXHIBIT B

## EXHIBIT A

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

WILLIE RUTH ASKEW,

      Plaintiff,

vs.

GEORGE MATICK CHEVROLET, INC., and
OVERHEAD DOOR CORPORATION,

      Defendants.

Case No. 16-003978-NO

Hon. Leslie Kim Smith

| CARLA D. AIKENS P.C. | KOPKA PINKUS DOLIN PLC |
|---|---|
| Carla D. Aikens (P69530) | Kevin J. Plagens (P55992) |
| Attorney for Plaintiff | Attorney for Defendant Matick Chevrolet |
| 60 E. Milwaukee #6886 | 33533 W. Twelve Mile Road, Suite 350 |
| Detroit, MI 48206 | Farmington Hills, MI 48331-5611 |
| Phone: (844) 835-2993 | (248) 324-2620 |
| Fax: 877-454-1680 | Fax: (248) 324-2610 |
| carla@aikenslawfirm.com | kjplagens@kopkalaw.com |

### PROPOSED AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, WILLIE RUTH ASKEW, by and through her attorneys, Carla D. Aikens, P.C., and for her Complaint against GEORGE MATICK CHEVROLET INC., and OVERHEAD DOOR CORPORATION, states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff Willie Ruth Askew was at all times relevant to this Complaint a resident of Wayne County, State of Michigan.

2. Plaintiff is presently a resident of Atlanta, Georgia.

3. Defendant George Matick Chevrolet, Inc. ("Matick"), is a foreign corporation which is authorized to and does conduct business in Wayne County, State of Michigan.

4. Defendant Overhead Door Corporation ("ODC") is, upon information and belief, a foreign manufacturing company which is authorized to and does conduct business in Wayne County, State of Michigan, and does have a Michigan office registered with the Michigan Department of Licensing and Regulatory Affairs.

5. The amount in controversy exceeds $25,000.00 exclusive of costs, interest and attorney fees.

## FACTUAL ALLEGATIONS

6. On September 18, 2014 the Plaintiff was having her vehicle serviced at George Matick Chevrolet located at 14001 Telegraph Road, Redford Charter Twp, MI.

7. After dropping her vehicle off and returning home for a brief period of time, the Plaintiff was transported back to Matick Chevrolet by a Matick courtesy driver in a Matick courtesy vehicle.

8. The Matick driver dropped Ms. Askew off at a garage door where individuals were entering and exiting the premises.

9. The garage door appeared to have a sensor which allowed it to automatically raise.

10. Plaintiff attempted to enter the garage though the raised garage door at which the Matick driver deposited her.

11. Without warning, the garage door rapidly descended striking Plaintiff on her right shoulder and head.

12. The impact of the door knocked Plaintiff to the ground, dislodging her wig and causing her immediate pain.

13. Another Matick customer aided Plaintiff after she was knocked to the ground.

14. As the customer attempted to assist Plaintiff, the same garage door which lifted after striking plaintiff began to descend again almost hitting the customer.

15. A Matick employee had to manually depower the door to prevent it from descending.

16. EMS was contacted by Plaintiff's daughter after Matick employees refused to call for emergency medical assistance for Plaintiff.

17. Plaintiff was transported to the hospital by ambulance where she received emergency medical treatment.

18. While in the Emergency Department, Plaintiff was found to have suffered from injuries to her head including a concussion.

19. As a result of this accident, Plaintiff also suffers from lumbar pain, intense right shoulder pain, neck pain, vision loss in her right eye, pain in her eye, a swollen sciatic nerve and stroke like symptoms including:

    a. Headaches;

    b. Forgetfulness;

    c. Cognitive issues;

    d. Memory Loss;

    e. Incoherent thought; and

    f. Slurred speech.

20.  Plaintiff was advanced in age at the time of this accident and as a result has suffered permanent injuries and a substantially reduced quality of life.

21.  Plaintiff has and continues to suffer emotional injuries caused by the embarrassment and shock of this accident as well as the loss of her independence.

22.  Plaintiff has suffered damages including:

    a.  Past and future medical expenses
    b.  Pain and suffering
    c.  Emotional distress
    d.  Lost enjoyment in life
    e.  Relocation expenses
    f.  Other damages which may be revealed during discovery

## COUNT I- NEGLIGENCE AS TO DEFENDANT MATICK

23.  Defendant Matick owed a duty to Plaintiff to exercise reasonable care in the maintenance of its property including maintaining the garage door at issue in a condition which prevented it from falling and injuring the Plaintiff.

24.  Defendant Matick negligently breached the duty owed to Plaintiff by failing to inspect, repair and maintain its premises in a reasonably safe manner.

25.  Defendant Matick knew or should have known that the garage door was subject to falling without notice.

26.  Defendant Matick negligently breached the duty owed to Plaintiff by failing to warn her that the garage door was subject to falling without notice.

27.  Defendant Matick's negligent breaches of duty caused plaintiff to suffer the injuries and damages identified herein.

WHEREFORE, Plaintiff requests a judgment against Defendant Matick in excess of $25,000.00 together with interests, costs and attorney fees.

## COUNT II- NEGLIGENCE AS TO DEFENDANT OVERHEAD DOOR CORPORATION

28. Defendant ODC made/or designed/or distributed the garage door at issue in this case.

29. Defendant ODC owed a duty to Plaintiff to exercise reasonable care in the design, manufacture, and sale of the garage door.

30. Defendant ODC negligently breached its duties to Plaintiff, including but not limited to the following ways:
    a. Failing to incorporate adequate guarding to prevent the door from falling unexpectedly.
    b. Failing to adequately design or manufacture the door so that the sensor properly prevented the door from falling unexpectedly.
    c. Failing to adequately design or manufacture the door to eliminate the hazard that it would fall unexpectedly.

31. Defendant ODC knew or should have known that the garage door was defective and subject to falling without notice and Defendant willfully disregarded that knowledge.

32. Defendant ODC's negligent breaches of duty caused plaintiff to suffer the injuries and damages identified herein.

WHEREFORE, Plaintiff requests a judgment against Defendant ODC in excess of $25,000.00 together with interests, costs and attorney fees.

## JURY DEMAND

NOW COMES Plaintiff and requests that her demand for trial by jury in the original complaint be extended to this amended complaint.

Dated: July 28, 2016                                        Respectfully Submitted,

/s/ Carla D. Aikens
Carla D. Aikens, P69530
Attorney for Plaintiffs