UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE RUTH ASKEW,

        Plaintiff,

vs.

GEORGE MATICK CHEVROLET,
INC., and OVERHEAD DOOR
CORPORATION,

        Defendants.

Case No.: 2:16-cv-13148
Hon. Terrence G. Berg
Hon. Magistrate: Steven R. Whalen

| | |
|---|---|
| CARLA D. AIKENS P.C.<br>Carla D. Aikens (P69530)<br>60 E. Milwaukee #6886<br>Detroit, MI 48206<br>(844) 835-2993<br>Fax: (877)454-1680<br>Attorneys for Plaintiffs | CLARK HILL PLC<br>Daniel J. Scully, Jr. (P36530)<br>Anthony A. Agosta (P57355)<br>Joshua G. Latzman (P77518)<br>500 Woodward Avenue, Suite 3500<br>Detroit, MI 48226<br>(313) 965-8300<br>Fax: (313) 309-6819<br>Attorneys for Defendant Overhead<br>Door Corporation<br><br>KOPKA PINKUS DOLIN PLC<br>Kevin J. Plagens (P55992)<br>33533 W. Twelve Mile Road, Suite 350<br>Farmington Hills, MI 48331-5611<br>(248) 324-2620<br>Fax: (248) 324-2610<br>Attorneys for Defendant Matick<br>Chevrolet, Inc. |

## DEFENDANT OVERHEAD DOOR CORPORATION'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND RELIANCE ON JURY DEMAND

Defendant Overhead Door Corporation ("ODC"), by and through its attorneys, Clark Hill PLC, submits its Answer to Plaintiff's Amended Complaint and states by like-numbered paragraphs as follows:

### PARTIES AND JURISDICTION

1. ODC lacks knowledge and information sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to her proofs.

2. ODC lacks knowledge and information sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to her proofs.

3. ODC makes no answer to this paragraph for the reason that said allegations are not directed to this responding party. To the extent a response is required, ODC lacks knowledge and information sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to her proofs.

4. ODC admits only that it is a foreign corporation, lawfully authorized to conduct business within the State of Michigan.

5. ODC admits only that Plaintiff's Amended Complaint seeks damages in an amount greater than $25,000. Further answering, ODC denies it is liable to Plaintiff for any damages in any amount whatsoever.

## FACTUAL ALLEGATIONS

6. ODC lacks knowledge and information sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to her proofs.

7. ODC lacks knowledge and information sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to her proofs.

8. ODC lacks knowledge and information sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to her proofs.

9. ODC lacks knowledge and information sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to her proofs.

10. ODC lacks knowledge and information sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to her proofs.

11. ODC lacks knowledge and information sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to her proofs.

12. ODC lacks knowledge and information sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to her proofs.

13. ODC lacks knowledge and information sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to her proofs.

14. ODC lacks knowledge and information sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to her proofs.

15. ODC lacks knowledge and information sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to her proofs.

16. ODC lacks knowledge and information sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to her proofs.

17. ODC lacks knowledge and information sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to her proofs.

18. ODC lacks knowledge and information sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to her proofs.

19. ODC lacks knowledge and information sufficient to form a belief as to the truth of the allegation contained in this paragraph and subparts (a)-(f) relating to the nature and extent of Plaintiff's alleged injuries and leaves Plaintiff to her proofs.

20. ODC lacks knowledge and information sufficient to form a belief as to the truth of the allegation contained in this paragraph and leaves Plaintiff to her proofs.

21. ODC lacks knowledge and information sufficient to form a belief as to the nature and extent of Plaintiff's alleged injuries and leaves Plaintiff to her proofs.

22. ODC lacks knowledge and information sufficient to form a belief as to the truth of the allegation contained in this paragraph and subparts (a)-(f) relating to the nature and extent of Plaintiff's alleged injuries and leaves Plaintiff to her proofs.

## COUNT I – NEGLIGENCE AS TO DEFENDANT MATICK

23. ODC makes no answer to this paragraph for the reason that said allegations are not directed to this responding party. To the extent a response is required,

4

ODC lacks knowledge and information sufficient to form a belief as to the allegations contained in this paragraph and leaves Plaintiff to her proofs.

24. ODC makes no answer to this paragraph for the reason that said allegations are not directed to this responding party. To the extent a response is required, ODC lacks knowledge and information sufficient to form a belief as to the allegations contained in this paragraph and leaves Plaintiff to her proofs.

25. ODC makes no answer to this paragraph for the reason that said allegations are not directed to this responding party. To the extent a response is required, ODC lacks knowledge and information sufficient to form a belief as to the allegations contained in this paragraph and leaves Plaintiff to her proofs.

26. ODC makes no answer to this paragraph for the reason that said allegations are not directed to this responding party. To the extent a response is required, ODC lacks knowledge and information sufficient to form a belief as to the allegations contained in this paragraph and leaves Plaintiff to her proofs.

27. ODC makes no answer to this paragraph for the reason that said allegations are not directed to this responding party. To the extent a response is required, ODC lacks knowledge and information sufficient to form a belief as to the allegations contained in this paragraph and leaves Plaintiff to her proofs.

Defendant Overhead Door Corporation makes no answer to Plaintiff's WHEREFORE paragraph for the reason that said paragraph and the allegations set forth therein are not directed to this responding party.

## COUNT II – NEGLIGENCE AS TO DEFENDANT OVERHEAD DOOR CORPORATION

28. ODC admits only that it designs, manufactures, and distributes commercial doors. At this time, ODC lacks knowledge or information sufficient to form a belief as to whether the door owned and operated by Defendant Matick Chevrolet is a commercial door that was designed, manufactured, and/or distributed by ODC.

29. ODC answers that the statements contained in this paragraph are conclusions of law and not allegations of fact requiring a response. ODC denies any allegation that it breached any duty or failed to exercise reasonable care at any time relevant to this proceeding.

30. ODC answers that the statements contained in this paragraph and subparagraphs (a)-(c) are conclusions of law and not allegations of fact requiring a response. ODC denies any allegation that it breached any duty or failed to exercise reasonable care at any time relevant to this proceeding.

31. ODC answers that the statements contained in this paragraph are conclusions of law and not allegations of fact requiring a response. ODC denies any allegation that it breached any duty or failed to exercise reasonable care at any time relevant to this proceeding.

32. ODC answers that the statements contained in this paragraph are conclusions of law and not allegations of fact requiring a response. ODC denies any allegation that it breached any duty or failed to exercise reasonable care at any time relevant

204958368.1 29229/307004

to this proceeding. ODC denies any allegation it caused and/or contributed to Plaintiff's alleged injuries in any way.

WHEREFORE, Defendant Overhead Door Corporation respectfully prays for a judgment of no cause of action together with an award of its costs and attorney's fees incurred in defense of this action.

## DEFENDANT OVERHEAD DOOR CORPORATION'S AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. The incident which forms the basis of Plaintiff's Complaint was proximately caused by the sole, contributory, or comparative negligence of Plaintiff.

3. The incident which forms the basis of Plaintiff's Complaint was proximately caused by the sole, contributory, or comparative negligence of others, whether known or unknown to ODC and which ODC could not have reasonably foreseen, controlled, or prevented.

4. Pursuant to MCL 600.2947 (3), ODC is not liable to the extent that Plaintiff was aware that use of the subject product created an unreasonable risk of personal injury, Plaintiff voluntarily exposed herself to that risk, and that risk was the proximate cause of Plaintiff's injuries.

5. Pursuant to MCL 600.2947 (5), ODC is not liable if the alleged harm was caused by an inherent characteristic of the subject product that cannot be eliminated without substantially compromising the subject product's usefulness or

7

desirability as recognized by a person with the ordinary knowledge common to the community.

6. The subject product complies with applicable governmental and agency statutes, regulations, and standards.

7. All warnings were specific, appropriate, and met all standards. Plaintiff's injuries, if any, were caused by Plaintiff's failure to read and heed the warnings and instructions associated with the subject product.

8. Plaintiff has failed to mitigate her damages, if any.

9. Plaintiff assumed the risk by and through her negligent conduct.

10. Plaintiff's Complaint is barred by the applicable statute of limitations.

11. Plaintiff's Complaint is barred by the applicable statute of repose.

12. Plaintiff's Complaint is barred by the doctrine of laches.

13. Plaintiff's complaint is barred by her failure to take reasonable precautions for her own safety.

14. Plaintiff's alleged damages relating to future healthcare related expenses are barred by the Patient Protection and Affordable Care Act.

15. ODC will rely upon additional statutes, laws, and ordinances as discovery may disclose.

204958368.1 29229/307004

## RESERVATION OF RIGHTS

Defendant Overhead Door Corporation reserves its right to amend and to assert any and all affirmative defenses, counterclaims, cross-claims, or third party claims that become known during the course of discovery.

## GENERAL DENIAL AND NON WAIVER

Each and every allegation in Plaintiff's Complaint not specifically admitted is denied, and the failure to deny a specific allegation, or assert a specific defense, shall not be deemed to be an admission of an allegation, or a waiver of a defense.

## RELIANCE ON JURY DEMAND

Defendant Overhead Door Corporation, through its attorneys, Clark Hill PLC, hereby gives notice of its reliance upon the Jury Demand filed by Plaintiff in the above-captioned matter.

Respectfully submitted,

CLARK HILL PLC

By: /s/ Joshua G. Latzman
Daniel J. Scully, Jr. (36530)
Anthony A. Agosta (P57355)
Joshua G. Latzman (P77518)
500 Woodward Avenue, Suite 3500

9

                    Detroit, Michigan 48226
                    313.965.8300
                    dscully@clarkhill.com
                    aagosta@clarkhill.com
                    jlatzman@clarkhill.com
                    Attorneys for Defendant Overhead Door Corporation

Date: September 7, 2016

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 7, 2016, he caused to be served a copy of the foregoing document and this Certificate of Service, via U.S. mail upon:

Carla D. Aikens
Carla D. Aikens P.C.
60 E. Milwaukee #6886
Detroit, MI 48202


Kevin J. Plagens
Kopka Pinkus Dolin PLC
33533 W. Twelve Mile Road, Suite 350
Farmington Hills, MI 48331

                                        /s/ Joshua G. Latzman

204958368.1 29229/307004