UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE RUTH ASKEW,    Case No. 4:16-cv-13148

Honorable Terrence G. Berg
Hon. Magistrate: R. Steven Whalen

Plaintiff,

vs.

GEORGE MATICK CHEVROLET INC.
and OVERHEAD DOOR CORPORATION,

Defendant.

| CARLA D. AIKENS P.C. | KEVIN J. PLAGENS (P55992) |
|---|---|
| Carla D. Aikens (P69530) | KOPKA PINKUS DOLIN PLC |
| Attorneys for Plaintiff | Attorneys for Defendant Matick Chevrolet |
| 615 Griswold St., Ste 709 | 33533 W. Twelve Mile Road, Suite 350 |
| Detroit, MI 48226 | Farmington Hills, MI 48331-5611 |
| (844) 835-2993 / (877) 454-1680 [FAX] | (248) 324-2620 / (248) 324-2610 |
| Carla@aikenslawfirm.com | kjplagens@kopkalaw.com |
|  | assistant: kdramsay@kopkalaw.com |
|  |  |
|  | CLARK HILL, PLC |
|  | ANTHONY A. AGOSTA (P57355) |
|  | DANIEL J. SCULLY, JR. (P36530) |
|  | JOSHUA G. LATZMAN (P77518) |
|  | Attorneys for Overhead Door Corporation |
|  | 500 Woodward Ave., Suite 3500 |
|  | Detroit, MI 48226 |
|  | (313) 965-8523 / (313) 965-8252 [FAX] |
|  | aagosta@clarkhill.com |

### DEFENDANT GEORGE MATICK CHEVROLET, INC.'S
### ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, GEORGE MATICK CHEVROLET INC., by and through their attorenys KEVIN J. PLAGENS and KOPKA PINKUS DOLIN PLC, for their Anssswer to Plaintiff's Amended Complaint, state as follows:

## PARTIES AND JURISDICTION

1. In response to paragraph one, Defendant neither admits nor denies the allegation contained therein for lack of sufficient information for which to form a belief thereby leaving Plaintiff to her proofs.

2. In response to paragraph two, Defendant admits the allegations contained therein as being true.

3. In response to paragraph three, Defendant admits the allegations contained therein as being true.

4. In response to paragraph four, Defendant neither admits nor denies the allegation contained therein for lack of sufficient information for which to form a belief thereby leaving Plaintiff to her proofs.

5. In response to paragraph five, Defendant denies the allegation contained therein for the reason it is untrue.

## FACTUAL ALLEGATIONS

6. In response to paragraph six, Defendant admits the allegations contained therein as being true.

7. In response to paragraph seven, Defendant admits the allegations contained therein as being true.

8. In response to paragraph eight, Defendant denies the allegation contained therein for the reason it is untrue.

9. In response to paragraph nine, Defendant denies the allegation contained therein for the reason it is untrue.

10. In response to paragraph ten, Defendant denies the allegation contained therein for the reason it is untrue.

11. In response to paragraph eleven, Defendant denies the allegation contained therein for the reason it is untrue.

12. In response to paragraph twelve, Defendant neither admits nor denies the allegation contained therein for lack of sufficient information for which to form a belief thereby leaving Plaintiff to her proofs.

13. In response to paragraph thirteen, Defendant neither admits nor denies the allegation contained therein for lack of sufficient information for which to form a belief thereby leaving Plaintiff to her proofs.

14. In response to paragraph fourteen, Defendant denies the allegation contained therein for the reason it is untrue.

15. In response to paragraph fifteen, Defendant denies the allegation contained therein for the reason it is untrue.

16. In response to paragraph sixteen, Defendant denies the allegation contained therein for the reason it is untrue.

17. In response to paragraph seventeen, Defendant neither admits nor denies the allegation contained therein for lack of sufficient information for which to form a belief thereby leaving Plaintiff to her proofs.

18. In response to paragraph eighteen, Defendant neither admits nor denies the allegation contained therein for lack of sufficient information for which to form a belief thereby leaving Plaintiff to her proofs.

19. In response to paragraph nineteen and subparagraphs a-f, Defendant denies the allegation contained therein for the reason it is untrue.

20. In response to paragraph twenty, Defendant denies the allegation contained therein for the reason it is untrue.

21. In response to paragraph twenty-one, Defendant denies the allegation contained therein for the reason it is untrue.

22. In response to paragraph twenty-two and subparagraphs a-f, Defendant denies the allegation contained therein for the reason it is untrue.

## COUNT I
## NEGLIGENCE AS TO DEFENDANT MATICK

23. In response to paragraph twenty-three, Defendant generally admits its duties. However, Defendant denies any alleged breach.

24. In response to paragraph twenty-four, Defendant denies the allegation contained therein for the reason it is untrue.

25. In response to paragraph twenty-five, Defendant denies the allegation contained therein for the reason it is untrue.

26. In response to paragraph twenty-six, Defendant denies the allegation contained therein for the reason it is untrue.

27. In response to paragraph twenty-seven, Defendant denies the allegation contained therein for the reason it is untrue.

**WHEREFORE**, Defendant, GEORGE MATICK CHEVROLET, INC., requests this Honorable Court *DISMISS* this matter with prejudice and award attorney fees and costs and all other appropriate relief in this matter.

## COUNT II
## NEGLIGENCE AS TO DEFENDANT OVERHEAD DOOR CORPORATION

28. In response to paragraph twenty-eight, Defendant neither admits nor denies the allegation contained therein for lack of sufficient information for which to form a belief thereby leaving Plaintiff to her proofs.

29. In response to paragraph twenty-nine Defendant neither admits nor denies the allegation contained therein for lack of sufficient information for which to form a belief thereby leaving Plaintiff to her proofs.

30. In response to paragraph thirty and subparagraphs a-c, Defendant neither admits nor denies the allegation contained therein for lack of sufficient information for which to form a belief thereby leaving Plaintiff to her proofs.

31. In response to paragraph thirty-one, Defendant neither admits nor denies the allegation contained therein for lack of sufficient information for which to form a belief thereby leaving Plaintiff to her proofs.

32. In response to paragraph thirty-two, Defendant neither admits nor denies the allegation contained therein for lack of sufficient information for which to form a belief thereby leaving Plaintiff to her proofs.

**WHEREFORE**, Defendant, GEORGE MATICK CHEVROLET, INC., requests this Honorable Court *DISMISS* this matter with prejudice and award attorney fees and costs and all other appropriate relief in this matter.

Respectfully Submitted,

KOPKA  PINKUS  DOLIN  PLC

By: */s/ Kevin J. Plagens*
_____
KEVIN J. PLAGENS (P55992)
Attorneys for Defendant Matick Chevrolet
33533 W. Twelve Mile Road, Suite 350
Farmington Hills, MI  48331-5611
(248) 324-2620

Dated:  September 23, 2016

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE RUTH ASKEW,   Case No. 4:16-cv-13148
  Honorable Terrence G. Berg
  Hon. Magistrate: R. Steven Whalen

  Plaintiff,

vs.

GEORGE MATICK CHEVROLET INC.
and OVERHEAD DOOR CORPORATION,

  Defendant.

| | |
|---|---|
| CARLA D. AIKENS P.C.<br>Carla D. Aikens (P69530)<br>Attorneys for Plaintiff<br>615 Griswold St., Ste 709<br>Detroit, MI 48226<br>(844) 835-2993 / (877) 454-1680 [FAX]<br>Carla@aikenslawfirm.com | KEVIN J. PLAGENS (P55992)<br>KOPKA PINKUS DOLIN PLC<br>Attorneys for Defendant Matick Chevrolet<br>33533 W. Twelve Mile Road, Suite 350<br>Farmington Hills, MI 48331-5611<br>(248) 324-2620 / (248) 324-2610<br>kjplagens@kopkalaw.com<br>assistant: kdramsay@kopkalaw.com<br><br>CLARK HILL, PLC<br>ANTHONY A. AGOSTA (P57355)<br>DANIEL J. SCULLY, JR. (P36530)<br>JOSHUA G. LATZMAN (P77518)<br>Attorneys for Overhead Door Corporation<br>500 Woodward Ave., Suite 3500<br>Detroit, MI 48226<br>(313) 965-8523 / (313) 965-8252 [FAX]<br>aagosta@clarkhill.com |

## DEFENDANT GEORGE MATICK CHEVROLET, INC.'S ORDINARY DEFENSES AND AFFIRMATIVE DEFENSES

Defendant, GEORGE MATICK CHEVROLET, INC., by and through its attorneys KEVIN J. PLAGENS and KOPKA PINKUS DOLIN PLC, for its Ordinary Defenses and Affirmative Defenses, states as follows:

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. Defendant was not properly served with the Summons and Complaint in this matter as required and pursuant to MCR 2.105.

3. Plaintiffs' claim is barred for failure to establish proper notice of the alleged hazard.

4. Plaintiff was negligent and/or contributorily negligent in that she failed to make a proper observation and failed to exercise ordinary care and caution for her own safety, all of which was the proximate cause or contributed to her injuries.

5. There was superseding and intervening conduct, negligence and acts of others, including the Plaintiff, including, but not limited to, abuse, misuse, and failure to take proper precautions.

6. Plaintiff's Complaint fails to state a cause of action for the reason that it fails to set forth the specific applicable standards of practice and the precise manner in which this Defendant allegedly deviated from those standards, and this Defendant will seek a dismissal of the action.

7. Any injuries sustained by Plaintiff herein were the result of her own acts or omissions in the failure to exercise reasonable care and caution for the protection and safety of her own well-being, under the circumstances then and there existing.

8. Any injuries sustained by Plaintiff herein were the sole and/or direct proximate result of acts or omissions on the part or parts of other persons and/or entities, whether parties or

7

non-parties, such acts or omissions negating, superseding, or obviating any act or omission allegedly carried out by this Defendant.

9. The defect claimed by Plaintiff to have existed on the subject premises was open and obvious to her, and should have been avoided by a person exercising reasonable care and caution for the protection and safety of his own well-being.

10. To the extent that Plaintiffs seek recovery from this Defendant premised upon damages allegedly incurred in the form of expenses for medical care, loss of earnings, or other economic loss, all or a part of which have been paid or are to be paid by a collateral source, Defendant is entitled to a reduction of that portion of any judgment in favor of Plaintiffs and against the Defendant pursuant to MCLA 600.6303.

11. Pursuant to MCLA 600.6304, Defendant is entitled to have the trier of fact determine the percentage of total fault of all of the parties, if any, regarding each claim made by Plaintiffs, and is further entitled to have the trier of fact consider both the nature of the conduct of each party found to be at fault, if any, and the extent of the causal relationship between the conduct and the damages claimed.

12. Defendant reserves the right to the full benefit and protection of any and all relevant portions of the Michigan Tort Reform Act including, but not limited to, MCLA 600.1483 through MCLA 600.6455, inclusive.

13. Plaintiff's claim is barred as said defect was open and obvious.

14. Plaintiff has failed to mitigate her damages.

15. Defendant did not know nor did it have reason to know of the alleged condition at issue.

16. Defendant did not cause the injury claimed.

17.	Plaintiffs' claim is barred by the terms of the applicable contract, estoppel, latches, waiver, and lack of a duty.

18.	Plaintiff's claim is barred due to her failure to mitigate damages.

19.	Plaintiff failed to act as an ordinary person under the circumstances.

20.	Plaintiff assumed the risk.

21.	Plaintiff alleged injuries were not a proximate cause of this accident.

22.	This incident did not cause or aggravate any injury and/or pre-existing condition Plaintiff was suffering from.

23.	Defendant reserves the right to file such additional affirmative defenses as they may become known during the course of investigation and discovery.

Respectfully Submitted,

KOPKA  PINKUS  DOLIN  PLC

By: */s/ Kevin J. Plagens*_____
KEVIN J. PLAGENS (P55992)
Attorneys for Defendant Matick Chevrolet
33533 W. Twelve Mile Road, Suite 350
Farmington Hills, MI  48331-5611
(248) 324-2620

Dated:  September 23, 2016

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE RUTH ASKEW,　　　　　　　　　　Case No.  4:16-cv-13148
　　　　　　　　　　　　　　　　　　　　　Honorable Terrence G. Berg
　　　　　　　　　　　　　　　　　　　　　Hon. Magistrate:  R. Steven Whalen

　　　Plaintiff,

vs.

GEORGE MATICK CHEVROLET INC.
and OVERHEAD DOOR CORPORATION,

　　　Defendant.

| CARLA D. AIKENS P.C. | KEVIN J. PLAGENS (P55992) |
|---|---|
| Carla D. Aikens (P69530) | KOPKA  PINKUS  DOLIN  PLC |
| Attorneys for Plaintiff | Attorneys for Defendant Matick Chevrolet |
| 615 Griswold St., Ste 709 | 33533 W. Twelve Mile Road, Suite 350 |
| Detroit, MI 48226 | Farmington Hills, MI 48331-5611 |
| (844) 835-2993 / (877) 454-1680 [FAX] | (248) 324-2620 / (248) 324-2610 |
| Carla@aikenslawfirm.com | kjplagens@kopkalaw.com |
| | assistant:  kdramsay@kopkalaw.com |
| | |
| | CLARK HILL, PLC |
| | ANTHONY A. AGOSTA (P57355) |
| | DANIEL J. SCULLY, JR. (P36530) |
| | JOSHUA G. LATZMAN (P77518) |
| | Attorneys for Overhead Door Corporation |
| | 500 Woodward Ave., Suite 3500 |
| | Detroit, MI 48226 |
| | (313) 965-8523 / (313) 965-8252 [FAX] |
| | aagosta@clarkhill.com |

## **DEFENDANT'S JURY DEMAND**

　　　Defendant, GEORGE MATICK CHEVROLET, INC., by and through its attorneys KEVIN J. PLAGENS and KOPKA PINKUS DOLIN PLC, pursuant to Fed. R. Civ. P. 38(b) hereby demand a jury trial on all issues triable of right by a jury.

Respectfully Submitted,

KOPKA PINKUS DOLIN PLC

By: */s/ Kevin J. Plagens*
_____
KEVIN J. PLAGENS (P55992)
Attorneys for Defendant Matick Chevrolet
33533 W. Twelve Mile Road, Suite 350
Farmington Hills, MI 48331-5611
(248) 324-2620

Dated: September 23, 2016

# CERTIFICATE OF SERVICE

STATE OF MICHIGAN )
) SS.
COUNTY OF OAKLAND )

I, Kimberly Ramsay, am an employee of Kopka Pinkus Dolin PLC, and I certify that I e-filed the foregoing document on September 23, 2016 using the *ECF File & Serve e-filing system* which will send a copy of this document together with notification to all counsel of record; and that I mailed a copy of this document to any non-efiling participants.

*/s/Kimberly Ramsay*
Kimberly Ramsay