# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| **WILLIE RUTH ASKEW**, | 4:16-cv-13148 |
| Plaintiff, | HON. TERRENCE G. BERG |
| v. | |
| **GEORGE MATICK CHEVROLET, INC. and OVERHEAD DOOR CORPORATION**, | **ORDER DENYING DEFENDANT'S MOTIONS FOR PROTECTIVE ORDER AND FOR SANCTIONS (ECF NO. 30)** |
| Defendants. | |

Plaintiff Willie Ruth Askew was struck by a garage door while on the premises of Defendant George Matick Chevrolet, Inc., in Redford Charter Township, Michigan. Plaintiff sued George Matick Chevrolet and Overhead Door Corporation, which allegedly manufactured the garage door, for personal injuries she sustained in the accident. Matick Chevrolet filed the instant motion for protective order and motion for sanctions (ECF No. 30) after

learning that Plaintiff's expert witness, Joe Miller, without Matick Chevrolet's knowledge or permission, performed a physical inspection of Matick Chevrolet's service department, spoke with at least one of its employees, and took photos and measurements of the premises. For the reasons set out below, the Court will deny the motions.

**BACKGROUND**

Plaintiff designated Joe Miller, owner of All Pro Overhead Door Systems L.L.C., as her expert witness on December 11, 2017. ECF No. 30-2 at PageID.226. In a report Miller wrote a few days before Plaintiff filed her expert witness disclosures, he described how he performed an investigation of the overhead door safety features at Matick Chevrolet. ECF No. 30-2 PageID.229–230. In that report, addressed to counsel for Plaintiff, he stated, "You requested that we investigate the above referenced incident," indicating that he performed the unauthorized inspection at the direction of counsel for Plaintiff. *Id.* at PageID.229. Matick Chevrolet protests that at no point during this litigation did Plaintiff, either informally or through a request under Rule 34 of

2

the Federal Rules of Civil Procedure, request to inspect the premises of Matick Chevrolet. ECF No. 30 at PageID.205.

Matick Chevrolet avers it first learned of the apparently unauthorized inspection of its premises almost four months after it took place, when Miller appeared for his March 21, 2018 deposition. ECF No. 30 PageID.204. *But see* ECF No. 30-2 PageID.229–230 (summary of the investigation—apparently produced to Matick Chevrolet on December 11, 2017). Miller testified during his deposition that, at the instruction of Plaintiff's counsel, he had indeed spent approximately 45 minutes conducting a physical inspection of Matick Chevrolet's service department on or about December 1, 2017. ECF No. 30-3 at PageID.243–44. While at Matick Chevrolet, Miller examined how the garage doors functioned, took photographs and measurements of the doors, and spoke with a service department employee about the doors' functioning. *Id.* at PageID.244. Miller did not conduct any formal interviews of any Matick Chevrolet employees or take any written statements during the inspection. *Id.* at PageID.250–51. But he spoke with the company's service manager, who accompanied him

as he inspected the premises. *Id.* When the service manager asked Miller on whose behalf he was conducting the inspection, Miller "told him that [he] was unsure of who or essentially who [he] was putting this together for." *Id.* at PageID.251. He did not identify himself as an expert witness or agent for the Plaintiff. *See id.* Following the inspection, Miller called Plaintiff's counsel to discuss his observations and findings with her. ECF No. 30-4.

## DISCUSSION

### A. Motion for Protective Order

Matick Chevrolet seeks a protective order under Rule 37(b)(2)(B) of the Federal Rules of Civil Procedure "regarding Mr. Miller's inspection, information he obtained therein, and his subsequent report." ECF No. 30 PageID.205. But Rule 37(b)(2)(B) governs sanctions for a party's noncompliance with a Rule 35(a) order "requiring it to produce another person for [physical and mental] examination," not protective orders.

Rule 26(c)(1), which governs protective orders in civil discovery, permits a party from whom discovery is sought to seek a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

4

Accordingly, it is properly used by a party seeking to *prevent* discovery violations rather than to punish a party for abusing or circumventing the discovery process. Because the alleged misconduct—the unauthorized inspection of Matick Chevrolet's premises—has already occurred, issuing a protective order will not provide the relief sought by Matick Chevrolet. The Court will thus deny the motion for protective order.

**B. Motion for Sanctions**

Matick Chevrolet also seeks sanctions against Plaintiff under Rule 37(b) of the Federal Rules of Civil Procedure, which permits the Court to discipline a party for failing to comply with a Court order. ECF No. 30 PageID.218. But here, Matick Chevrolet admits Plaintiff has not violated any order of this Court. ECF No. 30 PageID.218. Rule 37(b) thus provides no basis for sanctions. Without citing any authority, Matick Chevrolet also argues it is entitled to sanctions because Plaintiff's conduct violated the "spirit" of Rule 34 of the Federal Rules of Civil Procedure. Although Matick Chevrolet points to no authority entitling it to relief from the misconduct by the Plaintiff, the Court is concerned that such

5

conduct suggests a disregard for the discovery process and the Michigan Rules of Professional Conduct.

In *Dawson v. Mt. Brighton, Inc.*, another court in this district found that "[t]he 'spirit' of Rule 34 was violated . . . [when] Plaintiffs did not notify the defense they were inspecting [its] premises for discovery purposes, even if the property is open to the public." No. 11-10233, 2013 WL 1276555, at *7 (E.D. Mich. Mar. 27, 2013) (Hood, J.). The court in that case declined to grant the somewhat extreme sanctions requested by the defendant (dismissal of plaintiff's case). *Id.* Instead, the court chose to reserve the matter for consideration at trial "by way of a motion in limine or objection if any testimony or exhibit is sought to be introduced relating to" the unauthorized inspection. *Id.* The Court will follow the logic of *Dawson v. Mt. Brighton, Inc.* and decline to grant the motion for sanctions at this time. However, Defendant has set forth sufficient grounds to exclude any statements of Matick Chevrolet employees that took place without the knowledge and consent of defendant's attorneys. If this matter goes to trial the Court will entertain any pretrial motion in limine to strike Miller's expert report and any

6

evidence gathered during his unauthorized inspection and will consider any response by Plaintiff.

The Michigan Rules of Professional Conduct govern attorneys' ethical responsibilities in this state and have been adopted by the Eastern District of Michigan to regulate conduct of counsel who practice in this district. E.D. Mich. Local R. 83.20(j); *Nissan N.A., Inc. v. Johnson Elec. N.A. Inc.*, No. 09-11783, 2011 WL 1812505, at *6 (E.D. Mich. May 12, 2011). Under Rule 4.2 of the Michigan Rules of Professional Conduct, "[i]n representing a client, a lawyer shall not communicate about the subject of the representation with a person whom the lawyer knows to be represented in the matter by another lawyer, unless the lawyer has the consent of the other lawyer or is authorized by law to do so." The Rule's Comments explain that in the case of an organization, Rule 4.2 "prohibits communications by a lawyer for one party concerning the matter in representation with persons having a managerial responsibility on behalf of the organization," as well as any other person whose act or omission may be imputed to the organization for purposes of civil or criminal liability. Additionally, under Rule 5.3 of the Michigan

Rules of Professional Conduct, "a lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer." A lawyer who orders or who ratifies conduct that would be an ethical violation if committed by a lawyer becomes responsible for that conduct. Mich. R. Prof. Conduct 5.3(c)(1).

The Court recognizes that at this stage there is no well-developed record establishing the facts of Plaintiff counsel's conduct, but if it is the case that counsel instructed Miller to conduct an unauthorized site inspection, consciously chose not to disclose the occurrence of that inspection to Matick Chevrolet, and neglected to advise Miller properly of his obligation not to speak to employees of Matick Chevrolet—as an agent of a represented party—without the permission of defense counsel, such conduct would raise serious questions of possible professional misconduct. Any similar misconduct going forward may result in sanctions, which this Court may grant under its statutory authority and because of its inherent authority to control litigants before it and to

guarantee the integrity of these proceedings. *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002).

## CONCLUSION

For these reasons, Defendant's motions for a protective order and for sanctions (ECF No. 30) are **DENIED. IT IS FURTHER ORDERED** that, if Defendant objects thereto, Plaintiff may not present as evidence any statements gathered during any conversation between Plaintiff's expert witness, Joe Miller, and any employee of Matick Chevrolet, which took place without the knowledge or consent of counsel for Matick Chevrolet.

**SO ORDERED.**

Dated: February 28, 2019
s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on February 28, 2019, using the CM/ECF system, which will send notification to all parties.

s/A. Chubb
Case Manager

9